UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ELIJAH J. FISHER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 1:05CV214 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Elijah J. Fisher's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, [#1], filed on December 12, 2005. The government has filed a written response and has moved to dismiss the motion. As grounds for his § 2255 motion, Movant alleges:

1. "Denial of Effective Assistance of Counsel"

2. "Failure to Move to Enforce Plea Agreement"

3. "Inadequate Pretrial Investigation"

4. "Failure to Adequately Prepare in General."

The Court concludes that all of Movant's claims are conclusively refuted by the record, and therefore, the Court will deny the motion without a hearing.

### Facts and Background

On August 19, 2004, a Grand Jury in the Southeastern Division of the Eastern

District of Missouri, returned a four-count Indictment against Movant, Elijah Fisher. Movant was charged with distributing cocaine base on July 15, July 29, and August 28, 2003 and possessing five grams or more of cocaine base with the intent to distribute on December 22, 2003, in violation of 21 U.S.C. § 841(a)(1).

On May 10, 2005, Movant appeared with his attorney, Mike Skrien,[1] Assistant Federal Public Defender, and entered a plea of guilty to the four counts in the Indictment. Movant had entered into a written Plea Agreement and Stipulation of Facts with the Government at the time of his plea. This Agreement was filed with the Court.

Under the Plea Agreement, Movant agreed to plead guilty to the charge of distributing cocaine base on three occasions and possessing cocaine base with the intent to distribute on another occasion. The parties agreed that the base offense level was a 26, unless he was deemed to be a career offender, which would make his base offense level a 34. The parties further agreed that Movant should receive a three level decrease for acceptance of responsibility. Both parties agreed that neither would request a sentence outside the applicable Sentencing Guideline range as set by this Court. The parties did not agree as to Movant's criminal history, which was left to the determination of the Court.

---

[1] The record reflects that Movant was also represented by Jeffrey J. Rosanswank, an attorney in the Federal Public Defender's Office, Southeastern Division.

In entering his plea of guilty, Movant expressly waived his right to trial. He agreed that his attorney explained these rights to him and the consequences of his waiver of those rights. Movant understood that the maximum punishment for each count of the Indictment was a term of imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000.00 or both, and a period of supervised release of not less than three (3) years. Movant agreed that the recommendations in the Plea Agreement were not binding on the Court and that the refusal of the Court to follow the recommendations would not serve as a reason to permit Movant to withdraw his guilty plea.

Movant further waived his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing. That waiver specifically stated:

> The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

At the plea hearing, the Court addressed Movant concerning the specifics of his

Plea Agreement, as well as the voluntariness of his plea. Movant admitted that he had graduated from school and that he could read and write. Movant claimed he was not under the care of a doctor and had not consumed any drugs or alcohol that day. The Court conducted a thorough colloquy regarding Movant's relationship with counsel, and Movant stated that he had enough time to discuss his case with his lawyer. Movant stated that he was fully satisfied with the representation received from his attorney, that he had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with his attorney and that his attorney had completely and satisfactorily explored all areas which Movant had requested relative to the Government's case and any defenses.

Movant also stated that he understood the possible ranges of punishment in his case and that the Plea Agreement was not binding on the Court. Movant told the Court that he was guilty of the four counts as charged in the Indictment.

A Presentence Investigation Report was prepared following the plea. The Probation Officer recommended that Movant's base offense level was 26. After a reduction for acceptance of responsibility, Movant's total offense level was determined to be a 23. Movant's criminal history was determined to be at Category VI after finding that his total number of criminal history points was 25. The Presentence Investigation Report concluded that the applicable sentencing range was subject to a

term of imprisonment of 92 to 115 months. Neither party objected to any conclusion of the Presentence Report.

At the sentencing hearing on July 12, 2005, both parties announced they had no objections to the Presentence Report. The Court adopted the PSR findings and conclusions and announced a guideline sentencing range of 92 to 115 months. The Court sentenced Movant to 115 months imprisonment to be followed by four years supervised release. The Court then informed Movant of his appellate rights. Movant, neither *pro se* or through counsel, filed any appeal of his sentence.

On approximately December 6, 2005, Movant mailed his Section 2255 Petition to the U.S. District Court, which was filed on December 12, 2005. As grounds for his § 2255 motion, Movant alleges that (1) he was denied effective assistance of counsel, (2) counsel failed to enforce the plea agreement, (3) counsel conducted an inadequate pretrial investigation, and (4) counsel failed to adequately prepare in general. All of Movant's claims are, in effect, claims of ineffective assistance of counsel and are governed by the same legal standard.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statue or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

The standard has recently been defined by the Eighth Circuit Court of Appeals:

> An ineffective assistance claim generally requires two showings. "First the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must show prejudice. *Id*. To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id*.; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of just showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## **Discussion**

## I. Ineffective Assistance of Counsel

### A. Failure to Appeal

Movant first claims he was denied effective assistance of counsel because his counsel failed to appeal. Movant simply states that he "instructed counsel to appeal but he failed to do so." Notwithstanding the fact that Movant's counsel, Michael Skrien, stated in a sworn affidavit that he does not recall any request that an appeal be filed, Movant waived his right to appeal at the plea hearing. Furthermore, Movant has not shown that his sentence was an illegal sentence, which would be the only basis for an appeal after his waiver of that right. As such, Movant has failed to establish that counsel's performance fell "below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687-88, thus, he has failed to establish that counsel's performance satisfies the *Strickland* standard.

### B. Failure to Enforce Plea Agreement

Movant next claims his attorney was ineffective for failing to enforce the plea agreement and to require that the Government dismiss two counts of the Indictment. In his motion, Movant merely states, "I was told by my counsel in exchange for my guilty [sic] the prosecution would drop 2 charges." Michael Skrien states in his affidavit that he made this request, but the Government rejected it. Furthermore, Movant does not point to any motion, writing, conversation or promise by the

Government that it would even consider dismissing two counts of the Indictment.

More importantly, Movant pleaded guilty to all four counts in the Indictment. Movant stated at the plea hearing that he was satisfied with counsel and that he had sufficient time to discuss the plea with counsel. He testified under oath that he was satisfied with counsel's representation and that all of his questions had been answered. He also stated that there was nothing he wanted his lawyer to do that his lawyer had failed or refused to do. Additionally, Movant signed the Plea Agreement which stated these same things. Movant contended had no complaints against counsel in any way, shape or form. When questioned by the Court, Movant stated under oath that he understood the consequences of the plea; that he understood the charges; that he was guilty of the charges and that he was entering the guilty plea voluntarily and knowingly. Furthermore, the record is clear that counsel spent substantial time explaining the potential consequences of the Plea Agreement to petitioner. Thus, the record establishes that Movant's claim that counsel failed to enforce the Plea Agreement is without merit.

**C. Inadequate Pretrial Investigation & Failure to Prepare in General**

Movant next claims his counsel performed an inadequate pretrial investigation and failed to adequately prepare in general. Specifically, Movant states, "Counsel failed to express the part that I was 'NOT' a pretrial detainee, which was reguarded

[sic] in the dismissal of all charges based on my filing of a 180 writ." He also states that "Counsel fail [sic] to get proof of my records that permited [sic] me to the department of corrections that would of [sic] proved I wasn't a pretrial detainee, and the Interstate Agreement on Detainers Act did apply to me." Both of Movant's last two grounds involve the application of the Interstate Agreement on Detainers Act (IADA), so they will be addressed simultaneously.

In August, 2004, when Movant was indicted in the U.S. District Court for the Eastern District of Missouri, he was a Defendant in custody in Mississippi County, Missouri awaiting disposition of one felony and three misdemeanor charges. The U.S. Marshal's Service filed a detainer with the Mississippi County authorities. Movant, *pro se*, filed a request for a speedy trial pursuant to the IADA and asked that a final disposition be made of the Indictment within 180 days.

The law with respect to the IADA references the relationship between a prisoner who has been sentenced and incarcerated in a correctional institution of a state and has been charged in another state or in a United States District Court. Until the detainee has been sentenced in the first state and incarcerated in an institution in that state, the IADA has no application to the detainee. *United States v. Harris,* 566 F.2d 610, 613

(8th Cir. 1977).[2]

In this case, Movant has failed to demonstrate that he had "entered upon a term of imprisonment in a penal or correctional institution" in Mississippi County. *Id.* Since Movant was a pretrial detainee awaiting trial or a plea hearing and not then subject to a term of imprisonment, the objectives of the IADA have no application to him. *Id.* In any event, the rights created under the IADA are nonjurisdictional and are waived by a guilty plea. *United States v. Hach,* 615 F.2d 1203 (8th Cir. 1980). Once he pleaded guilty to the charges in the Indictment, Movant waived any complaint he might have had under the IADA.

Therefore, any claim that Movant's counsel inadequately conducted a pretrial investigation or failed to adequately prepare in general with regard to the application of the IADA is without merit.

## Conclusion

For the foregoing reasons, this Court finds that nothing in the record supports Movant's claim that he is entitled to relief under Section 2255.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside

---

[2] This issue was already explored in the Report and Recommendation of Judge Lewis M. Blanton on April 7, 2005. Judge Blanton recommended that the request for a speedy trial pursuant to the IADA be denied, and this Court adopted the recommendation on April 26, 2005.

sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability because Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 12th day of May, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE